UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHIANA FIRDOSH ALI,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE ORDEMAN, et al.,<br><br>Defendants. | No. 2:23-cv-02822 CKD<br><br><br><br>ORDER |

Plaintiff Ashiana Firdosh Ali proceeds on a petition for writ of mandamus and complaint for injunctive relief. (ECF No. 1.) Pursuant to the parties' consent and the court's order of February 16, 2024, this matter is before the undersigned for all purposes including trial and entry of judgment. (ECF Nos. 6, 7, 8.) The defendants, Leslie Ordeman and Antony Blinken, seek to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.) In the alternative, defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Id.) This matter was deemed appropriate for decision without oral argument under Local Rule 302(g). (ECF No. 13.) For the reasons set forth below, defendants' alternate motion for summary judgment is granted.

**I. Background**

Foreign nationals may petition for immigrant visas based on a familial relationship with a U.S. citizen or Lawful Permanent Resident. See 8 U.S.C. §§ 1151(b)(2)(A)(i), 1153(a)(1)-(4);

1

1201(a)(1)(A); 22 C.F.R. §§ 42.21, 42.42. In accordance with the Immigration and Nationality Act (INA), consular officers have authority to issue immigrant visas. 8 U.S.C. § 1201; 22 C.F.R. § 42.71. Before a consular officer can issue a visa, an applicant must make a proper application, 8 U.S.C. § 1201(a)(1), "in such form and manner" prescribed by the regulations, id. § 1202(a).

For a family-based immigrant visa, the sponsoring U.S. citizen or legal permanent resident must file a "Petition for Alien Relative (Form I-130)" with the United States Citizenship and Immigration Services (USCIS). 8 U.S.C. § 1154. After the USCIS approves the I-130 form, it transfers the petition to the National Visa Center (NVC) for preprocessing if the noncitizen beneficiary of the visa petition is not located in the United States, and the beneficiary may submit a DS-260 Online Immigrant Visa and Alien Registration Application to begin the visa application process. 9 Foreign Affairs Manual (FAM) § 504.1-2(a)(1).

Once the NVC determines an applicant is documentarily complete and a consular officer completes "necessary clearance procedures," the applicant is considered documentarily qualified "to apply formally for an immigrant visa[.]" 22 C.F.R. § 40.1(h). This requires "personally appearing before a consular officer and verifying by oath or affirmation the statements contained on ... Form DS–260[.]" Id. § 40.1(l). During the interview, an applicant can formally apply for an immigrant visa by swearing to or affirming the contents of the DS-260 and signing it before a consular officer. 22 C.F.R. § 42.67(a). The INA provides "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). Once an application is properly completed and executed before a consular officer, the officer must either issue or refuse to issue a visa. See 22 C.F.R. § 42.81(a).

Here, plaintiff is a U.S. citizen. (ECF No. 1, ¶ 12.) Plaintiff filed Form I-130 for her husband, Shams Ul Haq, in May of 2021. (ECF No. 1, ¶ 15.) The USCIS approved the petition in December of 2021. (Id., ¶ 16.) In June of 2022, the NVC notified plaintiff and her husband the case was documentarily qualified. (Id., ¶ 18.)

Mr. Haq appeared for an interview in March of 2023. (ECF No. 1, ¶ 19.) After the interview, Mr. Haq's visa application was placed in administrative processing by a "refusal" under 8 U.S.C. § 1201(g), § 221(g) of the INA. (See id., ¶ 20.)

Under the complaint's allegations, administrative processing following a "refusal" under INA § 221(g) is a temporary measure signaling that processing is ongoing while the Department of State gathers additional information. (ECF No. 1, ¶ 21.) Since the interview, plaintiff and her husband have inquired as to the status of the visa application and received no meaningful responses. (Id., ¶ 22.)

Plaintiff filed the complaint on December 5, 2023, seeking to compel defendants to act on and adjudicate Mr. Haq's properly filed I-130 immigrant visa application. (ECF No. 1.) The complaint asserts a cause of action for unreasonable delay under the Administrative Procedure Act (5 U.S.C. § 706(1)), seeks relief under the Mandamus Act (28 U.S.C. § 1361), and asserts a claim for a due process violation. (Id. at 6-9.)

On February 16, 2024, defendants filed the motion presently before the court, seeking dismissal of the complaint, or, in the alternative, summary judgment, on the following grounds: (1) the doctrine of consular nonreviewability precludes plaintiff from seeking judicial review; (2) plaintiff fails to state a claim under the APA because she cannot point to a clear duty to act and there has been no unreasonable delay; (3) disposition of the APA claim resolves the duplicative mandamus claim; and (4) plaintiff fails to state a due process claim. (ECF No. 9.) Plaintiff opposed the motion. (ECF No. 10.) Defendants filed a reply. (ECF No. 11.)

**II. Motion to Dismiss**

    **A. Legal Standards**

        **1. Rule 12(b)(6)**

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court may consider material properly submitted as part of the complaint and documents that are not physically

3

attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may also consider matters of public record. Id.

### 2. Review under the APA

Although the INA does not set a deadline for consular officers to review and adjudicate visa applications, defendants have a duty to act within a reasonable time. See 5 U.S.C. § 555. "[T]he APA and related case law provide 'law to apply' in determining whether defendants have failed to act within a reasonable time." Khan v. Johnson, 65 F. Supp. 3d 918, 926 (C.D. Cal. 2014). "[F]ederal courts routinely assess the 'reasonableness' of the pace of agency action under the APA." Id. (citation omitted).

Under the APA, a reviewing court must "compel agency action ... unreasonably delayed[.]" 5 U.S.C. § 706(1). However, "[a] court can compel agency action under this section only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action." Vietnam Veterans of Am. v. Cent. Intel. Agency, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal marks and citation omitted). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" Id. at 1075-76 (citation omitted).

Similarly, the Mandamus Act "provides district courts with mandamus power 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" Indep. Min. Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) (quoting 28 U.S.C. § 1361). "Although the exact interplay between these two statutory schemes has not been thoroughly examined by the courts, the Supreme Court has construed a claim seeking mandamus under the [Mandamus Act] 'in essence,' as one for relief under § 706 of the APA." Id. (quoting Japan Whaling Ass'n v. Am. Cetacean Socy, 478 U.S. 221, 230 n.4 (1986)). "Because the relief sought is essentially the same, in the form of mandamus," the court analyzes the sufficiency of the complaint under the APA. Id.

////

////

**B. Rule 12(b)(6) Analysis**

Defendants argue the doctrine of consular nonreviewability precludes judicial review. (ECF No. 9 at 8-11.) Defendants argue the consular officer's adjudication of the visa application on March 14, 2023, giving a decision under 8 U.S.C. § 1201(g), § 221(g) of the INA, was a final decision. Defendants argue they do not owe plaintiff a non-discretionary duty to reconsider the decision. (Id. at 11-14; ECF No. 11 at 4-5.)

Plaintiff argues defendants' nondiscretionary duty arises from the APA itself—which mandates that "within a *reasonable time*, each agency shall proceed to conclude a matter presented to it" 5 U.S.C. § 555(b) (emphasis added)—and from the INA—which mandates that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). (ECF No. 10 at 11.) Plaintiff argues the primary cases relied upon by defendants pertaining to consular nonreviewability are distinguishable because they involved decisions on the merits unlike in the present case. (ECF No. 10 at 19.) See, e.g., Bechirian v. Blinken, No. 20-55913, 2022 WL 260052, at *1 (9th Cir. Jan. 27, 2022) ("Even if citation to § 1201(g) standing alone was insufficient, the consular officer also determined [the applicant] "failed to provide proof of a credible relationship" with [the sponsoring fiancé]."); Svensborn v. Keisler, No. C07-5003 TEH, 2007 WL 3342751, at *4 (N.D. Cal. Nov. 7, 2007) (applicant "received a form OF-194 refusing her visa application because she was found to be ineligible"). Plaintiff argues countless courts have rejected defendants' framing that a denial under INA § 221(g) is not a final decision. (ECF No. 10 at 16-17.) Plaintiff argues many courts have instead found that refusals under INA § 221(g) are not final decisions. (Id. at 15-19.)

Under the doctrine of consular non-reviewability, "ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review." Khachatryan v. Blinken, 4 F.4th 841, 851 (9th Cir. 2021) (quoting Allen v. Milas, 896 F.3d 1094, 1104-05 (9th Cir. 2018)). However, courts in this district and other district courts have held under circumstances similar to those presented here that the doctrine does not apply where plaintiffs seek a final decision on their visa applications rather than judicial review of a consular decision. See Abbassi v. Gaudiosi, No. 1:23-CV-01573-CDB, 2024 WL 1995246, at *4 (E.D. Cal. May 6, 2024); Quiros v. Amador, No.

5

21-02433 (CKK), 2023 WL 4364161, at *3 (D.D.C. July 6, 2023) (citing cases), appeal filed (Aug. 11, 2023); Mohamed v. Pompeo, No. 1:19-cv-01345-LJO-SKO, 2019 WL 4734927, at *2 (E.D. Cal. Sept. 27, 2019).

Accepting all allegations as true and drawing all inferences in the light most favorable to plaintiff, the denial of Mr. Haq's visa application under INA § 221(g) is not a final decision. See Kiani v. Blinken, No. CV 23-5069-GW-JCX, 2024 WL 658961, at *5 (C.D. Cal. Jan. 4, 2024); Gonzalez v. Baran, No. 2:21-CV-05902-CAS-ASX, 2022 WL 1843148, at *3 (C.D. Cal. Jan. 11, 2022) ("the 'administrative processing' designation [under § 221(g) is] insufficient to constitute a refusal"). Absent binding Ninth Circuit precedent addressing the applicability (or non-applicability) of the doctrine of consular non-reviewability under the circumstances present here, the court finds the doctrine of consular nonreviewability does not bar plaintiff's claims. See Abbassi, 2024 WL 1995246, at *4 (agreeing with the "prevailing position among most other district courts" that the doctrine does not bar review of a visa application in administrative processing); but see OC Modeling, LLC v. Michael Richard Pompeo, No. 2:20-cv-01687-PA-MAA, 2020 WL 7263278, at *3 (C.D. Cal. Oct. 7, 2020) (finding the consular officer's refusal of a nonimmigrant visa application under INA § 221(g) was a decision that precluded the court from acting under the doctrine of consular nonreviewability).

The court next turns to whether defendants owe plaintiff a non-discretionary duty. "Courts are split on whether there is a mandatory duty to review and adjudicate immigrant visa applications under § 1202(b)." Iqbal v. Blinken, No. 2:23-CV-01299-KJM-KJN, 2023 WL 7418353, at *6-7 (E.D. Cal. Nov. 9, 2023) (joining with the district courts holding there is a clear duty). Some courts "take varying approaches depending on the individual facts of the cases." Kiani, 2024 WL 658961, at *5 (finding the plaintiff adequately alleged a nondiscretionary duty). Some courts find the use of the word "shall" in § 1202(b) indicates a mandatory nondiscretionary duty to review and adjudicate immigrant visa applications. See, e.g., Iqbal, 2023 WL 7418353; but see, e.g., Mueller v. Blinken, No. 4:23-CV-24, 2023 WL 4759245, at *5 (E.D. Va. July 17, 2023) (finding no mandatory nondiscretionary duty based on § 1202(b) or other statutes and regulations advanced).

6

1   Although neither the immigration statutes nor regulations prescribe deadlines by which
2   immigrant visa applications must be adjudicated, the absence of a specific time frame does not
3   necessarily preclude review. Assadian v. Oudkirk, No. 3:22-CV-00921-RBM-BGS, 2023 WL
4   6237976, at *5 (S.D. Cal. Sept. 25, 2023). A non-discretionary duty is upon the Government
5   under 5 U.S.C. § 555, which requires adjudication of immigrant visa applications within a
6   reasonable time. See 5 U.S.C. § 555(b); Ahmed v. Bitter, No. 4:22-CV-02474, 2024 WL
7   1340255, at *3 (S.D. Tex. Mar. 28, 2024); see also Iqbal, 2023 WL 7418353, at *7 ("the court
8   finds it may compel the agency to take action under the APA itself, which plaintiffs invoke in
9   their complaint [by] alleging defendants unreasonably delayed adjudication of their visas in
10  violation of 5 U.S.C. § 555(b)"). Accepting all allegations as true and drawing all inferences in
11  the light most favorable to plaintiff, defendants have a nondiscretionary duty to adjudicate
12  plaintiff's husband's immigrant visa petition within a reasonable time. Id.

13  The next question is whether plaintiff has sufficiently pled the alleged delay was
14  unreasonable. In determining whether an agency action was unreasonably delayed, courts
15  consider the six "TRAC" factors set forth in Telecomms. Research and Action Ctr. ("TRAC") v.
16  FCC, 750 F.2d 70, 79-80 (D.C. Cir. 1984). "What constitutes an unreasonable delay in the
17  context of immigration applications depends to a great extent on the facts of the particular case."
18  Gelfer v. Chertoff, No. 06-06724, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (citation
19  omitted). Because of the fact-intensive nature of the reasonableness determination, courts
20  disagree on "whether the TRAC factors should be analyzed to resolve a motion to dismiss." Ortiz
21  v. U.S. Dep't of State, No. 22-00508, 2023 WL 4407569, at *7 (D. Idaho July 7, 2023)
22  (collecting cases). Some courts have declined to consider the factors as premature, see, e.g., Iqbal,
23  2023 WL 7418353, at *8 ("the reasonableness inquiry is best resolved ultimately on a full factual
24  record"), while others have considered the factors to determine whether a plaintiff has sufficiently
25  alleged unreasonable delay, see Abbassi, 2024 WL 1995246, at *4; Shahijani v. Laitinen, No. 23-
26  03967, 2023 WL 6889774, at *3 (C.D. Cal. Oct. 6, 2023).

27  Here, the defendants alternately move for summary judgment. As such, they do not argue
28  the court should refrain from considering the TRAC factors. At the present time, approximately

7

1  14 months have passed since Mr. Haq's consular interview in March of 2023 and nearly 9 months
2  had passed when plaintiff filed the complaint. Plaintiff adequately alleges an unreasonable delay
3  by the defendants in adjudicating Mr. Haq's visa application. See Iqbal, 2023 WL 7418353, at *3
4  (finding unreasonable delay sufficiently pled based on alleged delays of 12 to 15 months without
5  interviews being scheduled after the NVC found the beneficiary plaintiffs to be documentarily
6  qualified). The court will consider the TRAC factors in the context of the defendants' alternate
7  request for summary judgment.

**III. Motion for Summary Judgment**

**A. Legal Standard**

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" City of Pomona v. SQM North America Corp., 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." Id. "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." City of Pomona, 750 F.3d at 1049. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Id. (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

**B. Analysis**

The visa application of plaintiff's husband was "refused" under 8 U.S.C. § 1201(g), INA § 221(g), and placed into administrative processing following his consular interview on March 14, 2023. (ECF No. 9-1 at 2, Defendants' Undisputed Facts ("UF") 5.) Security screening is ongoing and the visa application of plaintiff's application remains "refused" under 8 U.S.C. § 1201(g). (UF 8.)

////

Plaintiff sought judicial intervention less than 9 months after the visa application was placed into administrative processing. (See UF 5; ECF No. 1.) Approximately five and a half more months have passed since plaintiff filed this action. Defendants argue there has been no unreasonable delay. (ECF No. 9 at 14-23.)

In determining whether an agency action was unreasonably delayed, courts consider the six "TRAC" factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

In re Nat. Res. Def. Council, Inc., 956 F.3d 1134, 1138-39 (9th Cir. 2020) (quoting TRAC, 750 F.2d at 79-80.

Plaintiff has not responded to defendants' Statement of Undisputed Facts as required by Local Rule 260(b) or set forth any additional facts. Instead, plaintiff argues summary judgment should be denied because what constitutes an unreasonable delay in the context of immigration applications depends on the undeveloped facts of the case. (ECF No. 10 at 22, 27.) Plaintiff argues disposition of the case is not appropriate prior to discovery. (ECF No. 10 at 20.) Plaintiff has not, however, provided an affidavit or declaration under Fed. R. Civ. Proc. 56(d). Plaintiff also has not "proffer[ed] sufficient facts to show that [some] evidence sought exists, and that it would prevent summary judgment." Kapoor, 2022 WL 181217, at *5 (quoting Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). District courts in this circuit routinely decide immigration actions on summary judgment without discovery. See, e.g., Ahmed v. United States Dep't of State, No. 23-CV-02474-SVK, 2024 WL 315705, at *6 (N.D. Cal. Jan. 26, 2024) (denying discovery to develop factual record as to reasonableness of two-year agency delay). Discovery is not necessary or warranted in this case.

The first TRAC factor, the rule of reason inquiry considers the length of the delay and "whether the agency's response time ... is governed by an identifiable rationale." Poursohi v. Blinken, No. 21-CV-01960-TSH, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021) (quotation marks and citation omitted). The rule of reason inquiry is the most important factor, but no individual factor is determinative. In re A Cmty. Voice, 878 F.3d 779, 786 (9th Cir. 2017). Plaintiff argues the delay exceeds the 180-day timeframe suggested by Congress as a reasonable guideline: "It is the sense of Congress that the processing of any immigration benefit application should be completed not later than 180 days after the initial filing of the application..." 8 U.S.C. § 1571(b). (ECF No. 10 at 26.) However, the Ninth Circuit has held similar "sense of Congress" language is "non-binding, legislative dicta" which creates no obligations. See Yang v. California Dep't of Soc. Servs., 183 F.3d 953, 961-62 (9th Cir. 1999). Where Congress has not supplied a time period for agency action, courts look to caselaw to determine whether the agency's action is unreasonably delayed. See, e.g., Sarlak v. Pompeo, No. CV 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide.").

Plaintiff's opposition argument cites cases holding that delays of 27 months, 31 months, and two years were sufficient to state claims, and argues one court held a 32-month delay is unreasonable as a matter of law. (See ECF No. 10 at 27-28.) The delay here is much shorter, at 14 months and counting. Such a delay is not unreasonable. See, e.g., Dastagir v. Blinken, 557 F. Supp. 3d 160, 162 (D.D.C. 2021) (delay of 29 months at the point of filing suit after being placed in "administrative processing" following consular interview was not unreasonable). In other immigration contexts, courts find much lengthier delays are not unreasonable. See, e.g., In re Cal. Power Exch. Corp., 245 F.3d 1110, 1125 (9th Cir. 2001) ("The cases in which courts have afforded relief have involved delays of years, not months."); Ahmed v. United States Dep't of State, 2024 WL 315705, at *4 (citing collected cases holding that delays of three, four, and five years were not unreasonable under the APA). The first and second TRAC factors weigh in defendants' favor.

////

10

"The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay." Poursohi, 2021 WL 5331446, at *9. The court finds these factors to be neutral because plaintiff did not submit evidence on these points. Plaintiff argues in the opposition that separation from her husband has led to her incurring at least $10,000 in debt, exacerbated her health and mental health, and threatened to quash the couple's dream of having a second child together. (See ECF No. 10 at 28.) If based on evidence such as a declaration by plaintiff, detriments and suffering experienced due to family separation would weigh in favor of plaintiff. See Ahmed v. United States Dep't of State, 2024 WL 315705, at *5. Under the present circumstances, the court finds these factors are neutral.[1]

Under the fourth TRAC factor, the court considers the effect of expediting the adjudication of the plaintiff's applications on other agency action of a higher or competing priority. Kapoor v. Blinken, No. 21-CV-01961-BLF, 2022 WL 181217, at *8 (N.D. Cal. Jan. 20, 2022). The effect of expediting plaintiff's application favors the defendants. See Throw v. Mayorkas, No. 3:22-CV-05699-DGE, 2023 WL 2787222, at *5 (W.D. Wash. Apr. 5, 2023) (noting many families face delays and ordering the State Department to schedule the beneficiary plaintiff's interview would not ameliorate the situation); Jain v. Renaud, No. 21-CV-03115-VKD, 2021 WL 2458356, at *6 (N.D. Cal. June 16, 2021) ("Most courts have found that the fourth TRAC factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain."). The fourth TRAC factor weighs in favor of the defendants.

As to the sixth and final TRAC factor, where, as here, plaintiff has not made cognizable allegations of impropriety, "courts in the Ninth Circuit have found this factor to either weigh in the government's favor or to be neutral." Poursohi, 2021 WL 5331446, at *11. The court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is

---

[1] Even if the court found the third and fifth TRAC factors to weigh in favor plaintiff based on the submission of a declaration or other evidence, that would not change the result in this case because the other factors would still outweigh the third and fifth factors.

11

unreasonably delayed. See Kapoor, 2022 WL 181217, at *4. The sixth TRAC factor is neutral in this case.

Considering the TRAC factors, the court grants summary judgment to the defendants because the 9 or 14-month delay has not been unreasonable. Plaintiff has not demonstrated the existence of any disputed material facts that would preclude summary judgment. As discussed above, the first and fourth TRAC factors weigh against granting plaintiff's request for relief that defendants be ordered to process plaintiff's husband's visa application within 15 calendar days or as soon as possible. (See ECF No. 1, ¶ 40.) The other factors are neutral. In evaluating the TRAC factors, "courts routinely afford the most weight" to the first and fourth factors. Poursohi, 2021 WL 5331446, at *11. Defendants are entitled to summary judgment on plaintiff's APA claim for unreasonable delay.

**C.  Mandamus**

As set forth above, a claim seeking mandamus under the Mandamus Act is, in essence, the same as one for relief under § 706 of the APA. Japan Whaling Ass'n, 478 U.S. at 230 n.4. Because an adequate remedy exists under the APA, the court has analyzed plaintiff's claim of delay under the APA only. See Vaz v. Neal, 33 F.4th 1131, 1135 (9th Cir. 2022). Based on the reasons set forth above, the court also grants defendants' motion for summary judgment as to the Mandamus Act claim.

**D.  Due Process**

In the third cause of action, plaintiff alleges she has a statutorily created entitlement to adjudication of her husband's visa application. (ECF No. 1, ¶ 37.) Plaintiff alleges defendants' delay violates plaintiff's substantive and procedural due process rights protected by the Fifth Amendment to the Constitution.

A due process claim requires deprivation of a constitutionally protected interest. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985). A protected interest may arise either from the Due Process Clause itself or from the laws of the states. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Finding a due process violation hinges on evaluation of three factors: (1) the private interest affected by the official action; (2) the risk of erroneous

1  deprivation of such interest through the procedures used and the probable value, if any, of

2  additional or substitute procedural safeguards; and (3) the government's interest. Mathews v.

3  Eldridge, 424 U.S. 319, 335 (1976).

4      In Muñoz v. U.S. Dept. of State, the Ninth Circuit held "a U.S. citizen possesses a liberty

5  interest in a non-citizen spouse's visa application." 50 F.4th 906, 916 (9th Cir. 2022). The

6  Supreme Court recently granted certiorari in Muñoz on two questions, including "[w]hether a

7  consular officer's refusal of a visa to a U.S. citizen's noncitizen spouse impinges upon a

8  constitutionally protected interest of the citizen." Dept. of State v. Muñoz, ––– U.S. –––, 144 S.

9  Ct. 679 (Mem), 2024 WL 133818 (2024).

10     Even assuming for purposes of this motion that the protected interest found by the Ninth

11 Circuit in Muñoz exists, the question here is whether plaintiff's liberty interest has been impinged

12 by an unreasonable delay in processing the application. The Supreme Court has held regulation of

13 spousal immigration does not impinge on a spouse's fundamental liberty interest. Kerry v. Din,

14 576 U.S. 86, 96 (2015). The effect of the delay in processing Mr. Haq's visa and the

15 government's interest are addressed in the TRAC factors above. Even assuming plaintiff has a

16 liberty interest in her spouse's visa application, the delay has not been unreasonable. Plaintiff

17 does not demonstrate there are any additional or substitute procedural safeguards that could be

18 used. Plaintiff cites no authority for the proposition that the substantive and procedural due

19 process defendants have applied to her husband's visa application arises to a constitutional

20 violation. The court grants summary judgment for defendants on plaintiff's due process claim.

21     **IV.  Order**

22     For the reasons set forth above, IT IS ORDERED as follows:

23     1.  Defendants' motion for summary judgment (ECF No. 9) is GRANTED.

24     2.  Judgment is entered in defendants' favor.

25     3.  The Clerk of the Court is directed to close this case.

26 Dated:  May 17, 2024

27

28 ali23cv2822.mtd.sj

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE